**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Leon Hughes, ) | |
| ) | Civil Action No.: 4:17-cv-00116-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of Magistrate Judge Thomas E. Rogers' ("Magistrate Judge") Report and Recommendation ("Report") filed on February 22, 2018 (ECF No. 20). The Report addresses Plaintiff Leon Hughes' ("Plaintiff") claim for supplemental security income ("SSI") and recommends that the court affirm the decision of the Commissioner of the Social Security Administration ("the Commissioner"). (ECF No. 20 at 17.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the Commissioner's decision.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 20.) As brief background, Plaintiff filed an application for SSI on September 27, 2013, and his application was denied initially.[1] (*Id.* at 1.) After a hearing was held on November 23, 2015, an administrative law judge ("ALJ") determined, on December 15, 2015, that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.967(a) (2018). (ECF No. 9-2 at 29.) More specifically, the ALJ found

---

[1] Plaintiff also applied for disability benefits, however, Plaintiff withdrew his request for disability benefits at the November hearing because "he did not have [a] disability insured status on the amended onset date." (ECF No. 20 at 1-2.)

that Plaintiff could "occasionally climb ramps and stairs, stoop, crouch, kneel, and crawl[,]" but could not "climb ladders, ropes, or scaffolds." (*Id.*) In addition, the ALJ stated that Plaintiff could "lift and carry up to [ten] pounds occasionally and lesser amounts frequently, sit for [six] hours in an [eight]-hour day, and stand and walk occasionally . . . ." (*Id.*) The ALJ denied Plaintiff SSI on this basis because Plaintiff was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 34.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on October 14, 2016. (*Id.* at 11.) Thus, the ALJ's decision became the final decision of the Commissioner. *See Moody v. Chater*, No. 95-1066, 1995 WL 627714, at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on January 13, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge reasoned that, even with additional evidence to which Plaintiff submitted for consideration, the ALJ's decision was not contrary to the record. (ECF No. 20 at 14-15.) Specifically, the Report noted that "[t]he ALJ's decision [was] not contrary to the weight of the whole record[,]" and Plaintiff failed to show that the Commissioner's decision was not based on substantial evidence. (*Id.* at 16.) On this basis, the Report ultimately recommended that the court affirm the decision of the Commissioner. (*Id.* at 17.)

The parties were apprised of their opportunity to file specific objections to the Report on February 22, 2018. (ECF No. 20-1 at 1.) On March 11, 2018, Plaintiff filed an Objection to the Report and argued that the ALJ "failed to make any finding whatsoever" as to a specific medical opinion and did not have the opportunity to evaluate this medical opinion in the first instance. (ECF No. 25 at 1-2.) Plaintiff urges the court to remand the action for further administrative

2

proceedings. (*Id.* at 1.) On March 26, 2018, the Commissioner replied to Plaintiff's Objection. (ECF No. 28.) The Commissioner requests the court to adopt the Magistrate Judge's Report and reject Plaintiff's Objection. (*Id.* at 1-2.) Moreover, in lieu of substantively responding to Plaintiff's Objection, the Commissioner asks the court to reexamine her Memorandum in Support of the Commissioner's Decision (ECF No. 16). (*Id.*)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When

assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff essentially makes one objection to the Magistrate Judge's Report. (ECF No. 25 at 1.) Plaintiff argues that the Report errs by concluding that "there [was] no error in the ALJ's consideration and findings regarding the opinions of treating cardiologist Dr. Woodfield." (*Id.*) Plaintiff also maintains that it is "impossible" for the Commissioner's decision to have been based on substantial evidence if Dr. Woodfield's medical opinion, which was later produced to the Council, was never considered in the first instance by the ALJ. (*Id.* at 1-2.) The court considers the objections below.

Generally, the Council "is required to consider new and material evidence relating to the period on or before the date of the ALJ decision in deciding whether to grant review." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991); *see also* 20 C.F.R § 404.970(a). The Council must only consider new and material evidence and need not issue specific findings regarding that evidence. *See Meyer v. Astrue*, 662 F.3d 700, 704-06 (4th Cir. 2011). "Evidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable possibility that the new evidence would have changed the outcome.'" *Meyer*, 662 F.3d at 705 (quoting *Wilkins*, 953 F.2d at 96). In some instances, even after examining new evidence, an ALJ's decision may stand, thereby making remand inappropriate because the decision is based upon substantial evidence. *See Smith v. Chater*, 99 F.3d 635, 638-39 (4th Cir. 1996). In other

4

circumstances, remand may be appropriate "when consideration of the record revealed that new evidence from a treating physician was not controverted by other evidence in the record," which made the ALJ's decision unsupported by substantial evidence. *Meyer*, 662 F.3d at 707.

The court must first determine whether Plaintiff's additional evidence is "new and material." *Wilkins*, 953 F.2d at 95. Plaintiff proffers evidence, in the form of a letter from Dr. Woodfield on January 19, 2016,[2] that his heart failure has been elevated from Class II to Class III.[3] (ECF No. 25 at 1-2.) In the letter, Dr. Woodfield opines that Plaintiff has a "significant limitation of physical activity" and is "unable to perform a treadmill stress test due to his shortness of breath." (ECF No. 9-6 at 60.) In order to be considered "new," evidence may not be "duplicative or cumulative." *Meyer*, 662 F.3d at 705. In the instant case, although Plaintiff's Class II heart failure is briefly discussed, his Class III heart failure is not mentioned in the ALJ's decision. (*See* ECF No. 9-2 at 29-33.) Somewhat perplexingly, the ALJ discusses evidence from November 2015, but completely ignores and gives no weight to Dr. Woodfield's reference to Plaintiff's diagnosis of Class III heart failure from that same month. (*Compare Id.* at 32, *with* ECF No. 9-8 at 86.) Regardless, Plaintiff's evidence of Class III heart failure cannot be considered "new" because it was before the ALJ in an assessment from Dr. Woodfield[4] and would therefore be duplicative and cumulative if the court remanded the action on this basis. *See Sanders v. Astrue*, No. 0:10–3130–

---

[2] This letter is dated after the ALJ's decision from December 15, 2015. (*Compare* ECF No. 9-6 at 60, *with* ECF No. 9-2 at 35.)

[3] According to the New York Heart Association Functional Classification, Class II heart failure is indicated by a "[s]light limitation of physical activity[,] comfort[] at rest[,] [and when] ordinary physical activity results in fatigue, palpitation, dyspnea (shortness of breath)." Classes of Heart Failure, Am. Heart Ass'n, https://www.heart.org/en/health-topics/heart-failure/what-is-heart-failure/classes-of-heart-failure (last visited Sept. 10, 2018). Class III heart failure, on the other hand, is indicated by a "[m]arked limitation of physical activity[,] comfort[] at rest[,] [and when] less than ordinary activity causes fatigue, palpitation, or dyspnea." *Id.*

[4] On November 4, 2015, almost a month before the ALJ's decision, Dr. Woodfield noted that Plaintiff had "[c]hronic systolic heart failure, [C]lass III." (ECF No. 9-8 at 86.)

TMC, 2012 WL 786261, at *3 (D.S.C. Mar. 9, 2012) (declining to remand a claimant's action when the additional evidence was "largely duplicative" of what the ALJ had already considered). Moreover, the letter "fails to include specific findings regarding how Plaintiff's [Class III heart failure] impacts [his] ability to work." *Marion v. Berryhill*, No. 2:16-cv-3285-CMC, 2018 WL 1324503, at *3 (D.S.C. Mar. 15, 2018) (holding that a claimant's letter that failed to show a condition's impact on work could not provide a basis for remand). Thus, the court declines to remand Plaintiff's action on this ground and does not analyze whether the evidence is "material." *See Wilkins*, 953 F.2d at 95 (holding that the Council must consider evidence that is "new *and material*") (emphasis added).

Even if Plaintiff's additional evidence passed legal muster, upon review, the court is satisfied that the ALJ's decision was based upon substantial evidence.[5] The ALJ considered Plaintiff's subjective testimony and objective medical evidence. (*See* ECF No. 9-2 at 30-32.) The court is not left wondering about the basis of the ALJ's decision. *See Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1987). As such, the court agrees with the Report and concludes that the

---

[5] Plaintiff also argues that "the ALJ failed to make any finding whatsoever as to Dr. Woodfield's medical opinion." (ECF No. 25 at 2. (italics omitted).) This argument is without merit. While the ALJ did not mention Dr. Woodfield directly, the ALJ did mention Dr. Woodfield's diagnosis of Plaintiff's Class II heart failure. (ECF No. 9-2 at 30.) The Council also stated that the additional evidence supplied by Plaintiff did not warrant a reversal of the ALJ's decision. (ECF 9-2 at 3, 6.) Moreover, Plaintiff's reliance on *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir. 1984), is misplaced. The Fourth Circuit clarified that *Gordon* requires an ALJ to explain the weight given to *conflicting* medical evidence. *See Stewart v. Apfel*, No. 98-1785, 1999 WL 485862, at *5 (4th Cir. July 12, 1999). Plaintiff does not suggest any conflict in the medical evidence and admits that "[t]here is simply no competing evidence" contradicting Dr. Woodfield's opinions. (ECF No. 25 at 3 (quotations omitted).) The court is satisfied with the overall findings of the ALJ. Thus, reversing the ALJ's decision due to inadequate attention to Dr. Woodfield's opinion would be "pointless" because "it is highly unlikely, given the medical evidence of record, that a remand to the agency would change the Commissioner's finding of non-disability." *Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 100-01 (4th Cir. 2015).

ALJ's decision was based upon substantial evidence, which does not warrant a remand for additional proceedings.

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 25) and the Magistrate Judge's Report (ECF No. 20), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) and **AFFIRMS** the decision of the Commissioner of the Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 11, 2018
Columbia, South Carolina